**Stanley BROWN, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2007–SC–000455–KB.**

Supreme Court of Kentucky.

Nov. 26, 2008.

### OPINION AND ORDER

JOHN D. MINTON, JR., Chief Justice.

The Kentucky Bar Association moves this Court for summary dismissal of Stanley Brown's pending reinstatement proceeding, or in the alternative, for the imposition of reciprocal discipline. The Movant in the reinstatement proceeding is Stanley Brown, KBA Membership No. 83210 (suspended), whose current bar roster address is 122 Westwood Drive, Richmond, KY. 40475. For the following reasons, the KBA's request to dismiss the Respondent's pending reinstatement proceeding is granted and Brown's alternate request is dismissed as moot.

Stanley Brown is a former member of the Kentucky Bar Association, having been admitted to practice on November 3, 1989, and subsequently disbarred on September 26, 1995.

At the time of Brown's suspension, he was also a member of the Ohio Bar. The rules in effect in Kentucky at the time of Brown's suspension did not recognize permanent disbarment, but allowed reinstatement after five years. The Ohio Supreme Court imposed reciprocal discipline, and suspended Brown indefinitely on May 6, 1996. Subsequently, Brown was charged in Ohio with additional misconduct, which resulted in the Ohio Supreme Court issuing an order of permanent disbarment on May 14, 1997.[1]

Brown filed an application for reinstatement in Kentucky on June 29, 2007.[2] In accordance with SCR 2.300(1)(c), the Character and Fitness Committee sent Brown a questionnaire which requested, among other things, to disclose other states in which he had been admitted to practice law and the status of his license in these other states (Ohio). Brown referenced the May 6, 1996, order of indefinite suspension based on the reciprocal discipline, and

---

**1.** Case no.1996–2372.

**2.** SCR 3.510(4).

gave the case number of the order of permanent disbarment from Ohio without further explanation.

SCR 3.510(4) governs reinstatements after disciplinary suspensions which have prevailed for more than five (5) years. Pursuant to said rule, the application is automatically referred to the Character and Fitness Committee for proceedings under SCR 2.040. SCR 2.040(3) charges the Character and Fitness Committee with the responsibility of determining the "qualifications of those applicants for admission to the bar . . . ." SCR 2.040(5) requires the Character and Fitness Committee to submit the names of applicants who are qualified to sit for the Bar examination (those suspended five or more years must sit for a limited examination.[3]). Among the qualifications for admission is SCR 2.022(6) which provides in part "Any applicant who is disbarred in another jurisdiction is not eligible for admission in Kentucky."

Upon learning of Brown's permanent disbarment in Ohio, the KBA moved to dismiss Brown's pending reinstatement application, or in the alternative, to impose reciprocal permanent disbarment in Kentucky. Brown objects to our consideration of reciprocal disciplinary proceedings because his application was for reinstatement. Because Brown was permanently disbarred in Ohio, he is not eligible for reinstatement in Kentucky. Therefore, the motion to dismiss Brown's application for reinstatement is granted. The KBA's alternative request to impose reciprocal discipline is denied as moot.

Accordingly, the Movant, Stanley Brown, remains under suspension from the practice of law in the Commonwealth of Kentucky until further Order of this Court.

All sitting. All concur.

3. SCR 3.510(4); 3.500(3).

ENTERED: November 26, 2008.

/s/ John D. Minton, Jr.
/s/ Chief Justice